[Crim. No. 1271. Third Appellate District.—July 15, 1933.]

THE PEOPLE, Respondent, v. LLOYD KAUSEN, Appellant.

Thomas Cotter for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J. — The defendant was convicted in the county of Humboldt of the crime of assault with intent to commit murder. From the order denying the defendant's motion for a new trial, and the judgment entered upon such conviction, the defendant appeals.

Three informations were filed against the defendant charging him with the crime of assault with intent to commit murder upon three different persons. These informations were consolidated and one trial was had upon all three. The defendant was convicted of making an assault with intent to commit murder upon the person of Aileen Kausen, and this conviction is the only one involved upon this appeal.

The record shows that on or about the twenty-fifth day of December, 1932, the defendant entered the room occupied by Aileen Kausen, between the hours of 9 and 10 P. M., and severely beat Mrs. Kausen with a flashlight then in his possession. It appears from the testimony that the defendant and Aileen Kausen were husband and wife, but had been separated for some time, and that Mrs. Kausen had obtained an interlocutory decree of divorce. At the time of the assault Mrs. Kausen was living in an apartment situate in

the rear of a house occupied by her parents, Mr. and Mrs. Davis, in the city of Eureka. Prior to entering the room occupied by Mrs. Kausen, the record shows that the defendant, who had been living on a farm situate several miles from Eureka, drove to Eureka on the afternoon of December 25th, and after arriving there, continued to drive about the streets of Eureka in the neighborhood of the Davis home, and after being satisfied that Mr. Davis was away from home, parked his car a block or two distant from the Davis residence, proceeded to the rear of the residence, removed his shoes and entered the apartment of Mrs. Kausen. The apartment was entered without knocking and without any noise or disturbance being made by the defendant. At the time of the entry of the apartment, Mrs. Kausen was lying in bed. A noise of some sort arousing her, she made an exclamation, and upon discovering who was present, told the defendant to leave. The defendant claims he entered the apartment for a peaceful purpose, to wit, to induce Mrs. Kausen to give up her intention of securing a divorce and return to his home. The testimony, however, shows that immediately after being requested to leave, the defendant began beating Mrs. Kausen over the head with a heavy metallic flashlight. This beating continued with considerable intensity until in the struggle Mrs. Kausen was out of the bed and down upon the floor, at which time there is evidence that the defendant attempted to tie a piece of cloth around the neck of Mrs. Kausen. At about this juncture, Mr. Davis having returned to his residence, Mr. and Mrs. Davis came into the room for the purpose of protecting Mrs. Kausen. Following their entry, both Mr. and Mrs. Davis suffered a severe beating at the hands of the defendant. There is testimony to the effect that in this beating not only the flashlight but also a club was used. There is also testimony to the effect that at the time the defendant was beating Mrs. Kausen he said to her, ''I'll kill you'' (using some profane language which we omit). The testimony of Mrs. Kausen is further to the effect that she was dazed by the beating, and at one time was partly unconscious. Dr. Flemming, who visited the premises for the purpose of rendering medical aid shortly after the assault, described the place as looking like a slaughter-house (photographs of Mrs. Kausen showing how severely she had been beaten).

Upon this appeal it is contended that the evidence is not sufficient to warrant the verdict; that the court erred in its instructions to the jury, and also erred in its rulings concerning the admission or rejection of testimony.

In determining whether the defendant entertained an intent to commit the offense with which he was charged, the jury had a right to take into consideration not only the extent of the beating which the defendant administered to Mrs. Kausen; not only the fact that he used a metal flashlight which might or might not be sufficient to inflict a death wound in the hands of a strong man, but they had also a right to take into consideration one part of the testimony which cannot, in the opinion of the court, be considered as any act except that which supports the verdict of the jury beyond all reasonable doubt, and that is the attempt made by the defendant to tie a bandage around the neck of Mrs. Kausen, followed by efforts to tighten the same. An attempt to choke a person goes beyond the boundary line of either assault or battery, and lays a foundation amply sufficient to support the conclusion that the one guilty of the act just mentioned entertains an intent to take life.

While case after case has been cited by the appellant having to do with assaults with a deadly weapon, attempts to kill and battery, no useful purpose would be subserved by discussing these cases which the industry of counsel has collected, because in the face of what we have just stated, as shown by the testimony, no other conclusion could be fairly arrived at than that reached, if the jury believed the testimony of Mrs. Kausen, and which testimony they had a right to accept and act upon as stating the true facts.

A number of instructions were requested by the defendant which the court refused to give to the jury, and this refusal, as we have stated, is assigned as error. A review of the instructions given by the court shows that no error was committed in this particular. We may here state that this case presents an instance where the instructions given by the court to the jury are clear and direct, covering the case fairly and fully, and above all, are commendable for their brevity and lack of tedious repetition. The jury was told that every element of the offense must be proven, and that they must necessarily find the intent on the part of the

defendant, and that this intent might be shown by the surrounding circumstances and acts of the defendant. ■ The jury was then further instructed in the following language: ''You are instructed that the jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense. In this connection you are instructed that the offense of simple assault is included within the offense charged in the information, and should you find the defendant guilty beyond a reasonable. doubt, of the crime of simple assault, but not guilty of the higher offense charged in the information, it will be your duty to return a verdict accordingly. In other words, if after a careful consideration of all the evidence in the case, you are not satisfied beyond a reasonable doubt that the defendant committed the assault alleged, your verdict should be not guilty. But if you are satisfied beyond a reasonable doubt that the defendant did commit the assault, and are not satisfied beyond all reasonable doubt that it was his intent to commit murder, your verdict should be guilty of assault. And if you believe and are satisfied beyond all reasonable doubt that he not only committed the assault alleged in the information on file herein, but that it was his intention at the time to murder the person whom you find he assaulted, then your verdict should be guilty, in the manner and form as charged in the information.'' While this instruction is charged as erroneous, the reasons assigned therefor by the appellant do not appear to us to be well founded. It is true that battery is not mentioned in the instruction, but in view of the record in this case and the items of testimony which we have cited, a verdict of battery only, and we may also add a verdict of assault, would have been unwarranted.

■ The court refused to permit the appellant to introduce testimony to the effect of the custom of cattlemen to take off their shoes before entering a private residence. We do not perceive how this ruling could possibly prejudice the appellant, in view of the fact that he thereafter entered the room occupied by Mrs. Kausen without knocking or making any noise indicating his approach.

■ In view of the record in this case and the testimony included therein, any errors of the court would have to be resolved in favor of the People under the provisions of

section 4½ of article VI of the Constitution, because we cannot say that there was any miscarriage of justice, but are fairly well convinced that any other verdict or judgment would have been a miscarriage of justice.

The evidence discloses a previous trouble apparently precipitated by the defendant several months preceding December 25, 1932, but we do not deem it necessary to lengthen this opinion by consideration of that occurrence.

Finding no errors justifying a reversal in this case, the order and judgment are affirmed.

Pullen, P. J., concurred.